IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **JACQUELINE PRISCILLA MACK,**<br><br>Plaintiff,<br><br>v.<br><br>**WELLS FARGO BANK, N.A., et al.,**<br><br>Defendants. | Case No. 15-CV-4910-DDC-KGS |

## MEMORANDUM AND ORDER

This matter comes before the Court on several motions that plaintiff has filed after the Court dismissed her case without prejudice on February 12, 2016. The procedural history of this case is described extensively in the Court's previous Orders. The Court briefly summarizes pertinent aspects of it here.

Plaintiff filed this action *pro se* on July 23, 2015 (Doc. 1), alleging that defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Shapiro & Kreisman, LLC wrongfully foreclosed on real property owned by her and asserting several causes of action under federal and state law. The Complaint contains a signature block that reads ":Jacqueline-Priscilla: Mack:, real party of interest Sole Shareholder." Doc. 1 at 20. Plaintiff appears to have signed the line above the signature block. *Id.* After plaintiff filed the Complaint, an individual identifying himself as "Odanov Martin" began filing motions and other documents on plaintiff's behalf. *See* Docs. 4, 22, 25, 29, 30, 31, 40, 42, 43, 44 & 45. On January 22, 2016, the Court struck all filings made by Odanov Martin because they were signed by a non-attorney, violating D. Kan. Rule 83.5.1. *See* Doc. 46.

1

The Court ordered the parties to appear at a telephone conference on February 5, 2016, so that the Court could address—directly with plaintiff—its concern about Mr. Martin's attempts to represent her in this lawsuit, although he is not a licensed attorney. *See* Doc. 46 at 1, 6. Plaintiff did not appear for the February 5, 2016 telephone conference. But an individual identifying himself as "Mr. Odanis" appeared. He asserted that he is a "Special Attorney General," and that he was appearing on plaintiff's behalf. Because neither plaintiff nor a licensed attorney representing plaintiff appeared at the conference, the Court informed the parties that it would continue the conference to February 12, 2016. The Court also stated that it would order plaintiff to appear in person at the rescheduled conference. And the Court advised Mr. Odanis that, if he was in communication with plaintiff, he should inform her of the date and time of the continued hearing and tell her that her in-person attendance at the rescheduled conference was required.

The Court issued two orders following the telephone conference on February 5, 2016. First, the Court issued a Notice and Order to Show Cause. Doc. 51. In it, the Court ordered plaintiff "(1) to appear in person at a conference on February 12, 2016 at 2:00 p.m. at the United States District Courthouse, 444 S.E. Quincy, Topeka, Kansas, in Courtroom 401, and (2) to show cause at that hearing why the Court should not dismiss her case without prejudice for lack of prosecution and failure to comply with a court order under Fed. R. Civ. P. 41(b) because she failed to appear at a court-ordered telephone conference on February 5, 2016." *Id.* at 1 (emphasis omitted). The Court also warned plaintiff that if she failed to appear personally at the February 12 conference, the Court might dismiss her case without prejudice. *Id.* at 3 (emphasis omitted). Second, the Court issued an Amended Notice of Hearing. Doc. 52. The Notice advised the parties that it was continuing the conference to February 12, 2016 at 2:00 p.m. *Id.* at 1. It also ordered "plaintiff to appear in person at this hearing" and warned that "[f]ailure to

2

appear may result in dismissal of this lawsuit." *Id.* (emphasis omitted).  The Court mailed the Notice and Order to Show Cause and Amended Notice of Hearing to plaintiff at her address of record.  *See* Doc. 51 (the docket entry reads:  "[m]ailed to pro se party Jacqueline Priscilla Mack by regular mail.").

Plaintiff failed to appear at the February 12, 2016 conference.  *See* Doc. 59.  The Court thus dismissed plaintiff's lawsuit without prejudice for lack of prosecution and failure to comply with court orders under Fed. R. Civ. P. 41(b).  Doc. 60.  It also entered a Judgment dismissing the case without prejudice.  Doc. 61.

On February 18, 2016, plaintiff filed three motions:  (1) "Plaintiff's Motion for Rehearing Under Authority of Federal Rules of Civil Procedure, Rule 60(b)" (Doc. 63); (2) "Motion for Peremptory Challenge to the Honorable Daniel D. Crabtree, Presiding Judge of the Above Entitled Court" (Doc. 64); and (3) "Plaintiff's Motion to Order a Temporary Restraining Order" (Doc. 65).  These three motions contain a signature block that reads:  "Jacqueline-Priscilla: Mack, real party of interest, In Pro Per."  Doc. 63 at 1; Doc. 64 at 2; Doc. 65 at 3.  Plaintiff appears to have signed the line above the signature block.  Doc. 63 at 1; Doc. 64 at 2; Doc. 65 at 3.

Plaintiff also filed a Notice on March 14, 2016, requesting "a Three (3) judge panel for the new [trial] under operation of law and in the nature of Federal Rule of Civil Procedure [R]ule 59 (c) . . . ."  Doc. 70 at 2.  The signature block on the Notice reads:  "Jacqueline-Priscilla: Mack, Real party of interest, In Pro Per."  *Id.*  Plaintiff appears to have signed the line above the signature block.  *Id.*

And, on April 26, 2016, plaintiff filed an "Amended Motion for Peremptory Challenge" (Doc. 72) and an "Amended Motion for New Trial Under Authority of Federal Rules of Civil

3

Procedure, Rule 60" (Doc. 73). The signature blocks on these two motions also read: "Jacqueline-Priscilla: Mack, Real party of interest, In Pro Per." Doc. 72 at 2; Doc. 73 at 1. Plaintiff appears to have signed the lines above the signature blocks on these two motions. Doc. 72 at 2; Doc. 73 at 1.

Plaintiff's post-judgment motions and notice are difficult to understand. But the Court has construed the arguments presented in them liberally.[1] And, even giving plaintiff's motions the most liberal construction, the Court concludes that she is not entitled to any of the relief she requests. The Court explains why below.

## I.     Motion to Recuse and Amended Motion to Recuse

The Court construes plaintiff's "Motion for Peremptory Challenge to the Honorable Daniel D. Crabtree, Presiding Judge of the Above Entitled Court" (Doc. 64) and "Amended Motion for Peremptory Challenge" (Doc. 72), as motions seeking recusal of the undersigned.

Two federal statutes govern recusal. First, under 28 U.S.C. § 144, a litigant may seek recusal of a judge if she files "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him [or her] or in favor of any adverse party." 28 U.S.C. § 144. The affidavit must state with particularity "the identifying facts of time, place, persons, occasion, and circumstances" that form the basis for recusal, and it is strictly construed against the affiant. *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (citations omitted). The party seeking recusal bears "a substantial burden . . . to demonstrate the judge is not impartial." *Id.* (citations omitted).

---

[1] The Court construes plaintiff's filings liberally because she proceeds *pro se*. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").

Second, under 28 U.S.C. § 455, a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," or "[w]here he has a personal bias or prejudice concerning a party . . . ." 28 U.S.C. § 455(a) & (b)(1). The test for determining impartiality is an objective one, based on a judge's "outward manifestations and reasonable inferences drawn therefrom." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (citation omitted).

Plaintiff's submissions fail to identify any basis for disqualification. Instead, her motions make only a single, conclusory allegation that the undersigned is "prejudiced against the Plaintiff and the interest of the Plaintiff in this action." Doc. 64 at 1; Doc. 72 at 1. In the affidavit attached to the first motion, plaintiff states "[t]he Honorable K. Gary Sebelius/Daniel D. Crabtree . . . [are] prejudiced against the Plaintiff" and that "Plaintiff cannot have a fair and impartial trial or hearing before this Judge."[2] Doc. 64-1 at 1; Doc. 72-1 at 1, 2.

These allegations are insufficient to meet the legal standard for recusal, as set forth above. They recite no facts demonstrating that the undersigned judicial officer has a personal bias or prejudice against plaintiff, or one favoring defendants so as to require recusal under either 28 U.S.C. § 144 or 28 U.S.C. § 455. Plaintiff's allegations also fail to show that a reasonable person might reasonably question the impartiality of the undersigned. To the extent plaintiff is dissatisfied with the Court's previous orders, adverse rulings are not a reason for recusal. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) (stating that "adverse rulings 'cannot in themselves form the appropriate grounds for disqualification'" (quoting *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992))). For these reasons, the Court denies plaintiff's request for recusal.

---

[2] To the extent plaintiff also seeks recusal of Magistrate Judge K. Gary Sebelius, the Court denies that request because plaintiff has failed to make the requisite showing for recusal of Judge Sebelius under the governing legal standard already described and discussed.

## II. Motions for Reconsideration

The Court construes "Plaintiff's Motion for Rehearing Under Authority of Federal Rules of Civil Procedure, Rule 60(b)" (Doc. 63) and "Plaintiff's Amended Motion for New Trial Under Authority of Federal Rules of Civil Procedure, Rule 60" (Doc. 73), as motions asking the Court to reconsider its Order dismissing plaintiff's case without prejudice. Plaintiff states in the first motion that she seeks a "rehearing" under Fed. R. Civ. P. 60(b) so that she may "introduce newly discovered evidence through an expert witness which shall show fraud on the court by Wells Fargo Bank, N.A." Doc. 63 at 1. Attached to plaintiff's motion is an 18-page "Memorandum of Law on Credit Loans and Void Contracts." *Id.* at 2–19. Plaintiff's Memorandum of Law is difficult to follow, but it appears to argue that Wells Fargo's practice of making loans of credit is unconstitutional and unlawful. *See id.* at 2. Plaintiff provides a "History of Money and Banking," questions the authority of banks to extend credit, and discusses the types of claims that a borrower may assert against a lender. *See generally id.* But what is missing from plaintiff's Memorandum of Law is any description of "newly discovered evidence," or why any "newly discovered evidence" provides a reason for the Court to relieve plaintiff from its order dismissing the case without prejudice under Fed. R. Civ. P. 41(b).

In her amended motion, plaintiff again states that she "will introduce newly discovered evidence through an expert witness which shall demonstrate surprise upon the court by defendant[ ] Wells Fargo Bank, N.A." Doc. 73 at 1. But, again, plaintiff fails to describe the substance of the "newly discovered evidence" or why it provides a basis for the Court to grant plaintiff relief.

Fed. R. Civ. P. 60(b)(2) provides that a "court may relieve a party or its legal representative from a final judgment, order, or proceeding" based on "newly discovered evidence

6

that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(e)." Fed. R. Civ. P. 60(b)(2).  "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances."  *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990) (citation omitted).  A losing party may not invoke Rule 60(b) to rehash or restate issues already addressed, or present new arguments that the party could have raised in earlier filings.  *See Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992) (discussing requirements of a Rule 60(b) motion).  And the party seeking relief from a judgment bears the burden to demonstrate the prerequisites for such relief.  *Id.* at 1243–44 (explaining that a movant must show "exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment.").

      Plaintiff provides no reason for the Court to grant her motions to reconsider.  While plaintiff refers to "newly discovered evidence," she fails to explain what the purportedly new evidence is, or why she could not obtain it previously with the exercise of reasonable diligence.  She also refers to an expert who will testify about this newly discovered evidence but she neither identifies the expert nor describes the expert's credentials to provide expert testimony.  Plaintiff thus fails to establish any basis for relief under Rule 60(b).

      Defendant Wells Fargo also asserts that plaintiff cannot move for relief under Rule 60(b) because she filed the motion before the deadline expired for moving for a new trial under Rule 59(b).  Indeed, Rule 60(b)(2) states that relief from a final judgment is warranted if the party could not have discovered the evidence "in time to move for a new trial under 59(b)."  Fed. R. Civ. P. 60(b)(2); *see also DuHall v. Lennar Family of Builders*, 382 F. App'x 751, 754 (10th Cir. 2010) (explaining that "[n]ewly discovered evidence has to be newly discovered after the twenty-eight-day deadline for moving for a new trial under Fed. R. Civ. P. 59(b) has expired.").

7

A party must file a motion for new trial under Rule 59(b) within 28 days after the entry of judgment. Fed. R. Civ. P. 59(b). Here, the Court entered the Judgment (Doc. 61) on February 12, 2016, and plaintiff filed her motion for reconsideration on February 18, 2016, less than 28 days after entry of the Judgment.

Even if the timing of plaintiff's motion prohibits her from invoking Rule 60(b), she could have filed a motion to alter or amend the Judgment under Rule 59(e) for the same reason—the discovery of new evidence. A court may grant a motion to alter or amend a judgment under Rule 59(e) under one of the following three grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Somerlott v. Cherokee Nation Distribs., Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012). "Where a party seeks Rule 59(e) relief to submit additional evidence, 'the movant must show either that the evidence is newly discovered [or] if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence.'" *Id.* (quoting *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992)).

For the same reasons that plaintiff's motion provides no basis for relief under Rule 60(b), it provides no reason to alter or amend the Judgment under Rule 59(e). As already stated, plaintiff provides no description of the "newly discovered evidence," much less any explanation of when it was discovered, or whether plaintiff had made a diligent but unsuccessful effort to discover it before the Court dismissed her case. Thus, even if the Court liberally construes plaintiff's motion for reconsideration as asking the Court to alter or amend the Judgment under Rule 59(e), the Court denies that relief.

Plaintiff also filed a Notice on March 14, 2016 (Doc. 70). This Notice is virtually unintelligible, but plaintiff appears to argue that the Court provided insufficient notice to her of the rescheduled conference on February 12, 2016. To the extent plaintiff asserts that the timing of the Court's notice provides a basis for relief under either Rule 59(e) or 60, the Court denies that request for the reasons explained below.[3]

In the Notice, plaintiff states that, on February 8, 2016, the Court mailed its February 5, 2016 Order rescheduling the conference to February 12, 2016, and requiring plaintiff's in-person attendance at that conference. She claims "[d]ue process of law was hindered as Plaintiff did not have adequate time to receive said order or to respond to said order." *Id.* at 1. She also refers to her filing of the motion for recusal and motion for reconsideration (referring to it as a "motion for new trial") within the 28-day time period for filing a Rule 59(b) motion, and states that because "20 days have passed with no communications from the court, this shall serve as actual and constructive notice for lack of performance and notices this court under the operation of law and in the nature of Federal Rule Civil Procedure, rule 60(b)(2)." *Id.* Plaintiff concludes the Notice with a request "for a Three (3) judge panel for the new [trial] under operation of law and in the nature of Federal Rule Civil Procedure [R]ule 59 (c) as the attached affidavit is with the amended motion for new trial." *Id.* at 2 (emphasis omitted).

The Court denies plaintiff's request for a three judge panel to hear her motion. Plaintiff cites no authority for the Court to order the relief requested, and, even if it did, plaintiff provides no reason for the Court to impanel three judges to hear the motion. *See, e.g., Blaurock v. Kansas*, No. 12-3066-SAC, 2012 WL 6681876, at *1 (D. Kan. Dec. 21, 2012) (rejecting plaintiff's request for a three judge panel to review the allegations in his 42 U.S.C. § 1983

---

[3] The Court also denies plaintiff relief under Rule 59(e) because the Notice was filed more than 28 days after the entry of Judgment, and thus is untimely. *See* Fed. R. Civ. P. 59(e) (requiring a party to file a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment.").

complaint and explaining that three-judge panels only are convened under 28 U.S.C. § 2284, when specifically authorized by an Act of Congress, or when a party challenges the constitutionality of the apportionment of congressional districts or statewide legislative bodies).

Plaintiff's complaints about receiving the Order notifying her of the Court's reconvened hearing also are unavailing. Plaintiff states that the Court mailed the Order on February 8, and that she did not have adequate time to receive or respond to the Order before the February 12 conference. Importantly, plaintiff never asserts that she did not receive the Order before the February 12 conference, or that she was unaware of the conference until after February 12. To the contrary, she states in another filing that she received the Notice on February 11. Doc. 72-11. Plaintiff never contacted the Court to advise that she did not receive notice of the hearing, that she was unable to attend the hearing, or that she could not attend the hearing based on the timing of the notice she received.

The Court scheduled both the February 5 telephone conference and the February 12 in-person hearing so that it could address, with plaintiff personally, its concern about Odanov Martin's attempts to represent her in this case, even though he is not a licensed attorney. Other than receiving the filings bearing plaintiff's signature, the Court has never communicated with plaintiff. The Court even has some concerns whether plaintiff is still living. Indeed, Mr. Martin previously attempted to file a lawsuit on behalf of plaintiff's estate in this court. *See Jacqueline Priscilla Mack Estate v. Wells Fargo Bank, N.A.*, No. 15-4866. During the February 5 telephone conference, the Court asked the person identifying himself as "Mr. Odanis" if he was in communication with plaintiff. He represented that he was, and so the Court asked him to inform plaintiff about the rescheduled hearing date and to tell her that her attendance at the February 12 conference was required.

In sum, plaintiff provides no explanation of why "[d]ue process of law was hindered" by the timing of the notice she received about the continued hearing on February 12. The Court finds no basis to grant plaintiff relief under Rule 59(e) or 60(b).

### III. Motion for Temporary Restraining Order

Last, the Court addresses "Plaintiff's Motion to Order a Temporary Restraining Order" (Doc. 65). Because the Court already has dismissed this case, and finds no basis to reconsider that dismissal, the Court denies plaintiff's motion for temporary restraining order as moot. *See, e.g.*, *Myers v. Supreme Court of Kan.*, No. 05-4077-JAR, 2006 WL 276399, at *6 (D. Kan. Feb. 1, 2006) (denying plaintiff's motion for temporary restraining order as moot after the Court dismissed the claims against defendants).

But, even if plaintiff's motion was not moot, the relief it seeks is not warranted. Fed. R. Civ. P. 65(b)(1) authorizes the Court to issue a temporary restraining order without written or oral notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). A party seeking a temporary restraining order or a preliminary injunction must show a clear and unequivocal right to relief. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (citations omitted). The moving party must establish:

> (1) [he or she] will suffer irreparable injury unless the injunction issues; (2) the threatened injury . . . outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood [of success] on the merits.

*Id.* (citations omitted).

Plaintiff has proffered no argument or evidence that she is substantially likely to succeed on her claim, other than to make conclusory allegations that Wells Fargo has wrongfully foreclosed on her home.[4] Wells Fargo asserts in its Memorandum in Opposition to plaintiff's motion (Doc. 68) that res judicata bars plaintiff's request for a temporary restraining order because the District Court of Riley County, Kansas issued a final judgment on the merits (Doc 68-3)[5] and that this judgment established Wells Fargo's authority to foreclose on the property after plaintiff defaulted on a Note and Mortgage.  Given this evidence, plaintiff fails to establish a substantial likelihood of success on the merits.  Thus, even if the Court had not dismissed this case, plaintiff has provided insufficient reason for the relief requested in her motion for temporary restraining order.

**IT IS THEREFORE ORDERED BY THE COURT THAT** "Plaintiff's Motion for Rehearing Under Authority of Federal Rules of Civil Procedure, Rule 60(b)" (Doc. 63) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's "Motion for Peremptory Challenge to the Honorable Daniel D. Crabtree, Presiding Judge of the Above Entitled Court" (Doc. 64) is denied.

**IT IS FURTHER ORDERED THAT** "Plaintiff's Motion to Order a Temporary Restraining Order" (Doc. 65) is denied as moot.

---

[4] Plaintiff states in her motion that "defendant intends to sell [her home] at a public online auction on February 16, 2016." *See* Doc. 65 at 1.  And she seeks a temporary restraining order to block that sale. *Id.*  Plaintiff mailed her motion to the Court on February 15, 2016 (*see* Doc. 65 at 3), and the Court did not receive it until February 18, 2016, two days after the purported auction had begun.  *See* Doc. 65-1 at 1.  Plaintiff made no other attempt to contact the Court through telephone, email, or any other means to request relief from the Court before the auction on February 16, 2016.

[5] The Court may take judicial notice of this order under Fed. R. Evid. 201(b)(2).  *See Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1219 n.2 (10th Cir. 2011) (taking judicial notice of documents filed in a separate lawsuit because they contained "facts 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" (quoting Fed. R. Evid. 201(b)(2)).

**IT IS FURTHER ORDERED THAT** "Plaintiff's Amended Motion for Peremptory Challenge" (Doc. 72) is denied.

**IT IS FURTHER ORDERED THAT** "Plaintiff's Amended Motion for New Trial Under Authority of Federal Rules of Civil Procedure, Rule 60(b)" (Doc. 73) is denied.

**IT IS SO ORDERED.**

**Dated this 27th day of April, 2016, at Topeka, Kansas**

> s/ Daniel D. Crabtree
> **Daniel D. Crabtree**
> **United States District Judge**